[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 18, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-16171
Non-Argument Calendar

_____

BIA No. A95-246-682

OSCAR SAUL GUERRERO,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(October 18, 2007)**

Before TJOFLAT, HULL and KRAVITCH, Circuit Judges.

PER CURIAM:

Oscar Saul Guerrero, proceeding pro se, petitions for review of a final order

of the Board of Immigration Appeals (the "BIA"), affirming the Immigration Judge's (the "IJ") decision denying Guerrero's application for asylum and claims for withholding of removal under 8 U.S.C. §§ 1158 and 1231(b)(3)(A) and the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT"), 8 U.S.C. § 208.16. For the reasons discussed below, we dismiss the petition in part, and deny the petition in part.

## I. Background

Guerrero, a Colombian citizen, entered the United States on March 19, 2001, on a visa permitting him to remain in the United States until June 18, 2001. Guerrero remained in the United States beyond that date and ultimately filed an application for asylum on March 10, 2003 claiming he had suffered persecution in Colombia because of his political activities.

In September of 2003, the Department of Homeland Security began removal proceedings charging that Guerrero was subject to removal under 8 U.S.C. § 1227(a)(1)(B) as a non-immigrant alien who remained in the U.S. beyond the time permitted by his visa. Guerrero then added claims that he was eligible for withholding of removal and CAT.

In his petition, Guerrero alleges that, while in Colombia, he worked with the National Conservative Party and traveled to various parts of the countryside to help individuals start small businesses in order to be self-sufficient and thereby resist

2

recruiting activities by armed guerrilla groups. The Revolutionary Armed Forces of Colombia ("FARC") was such a guerrilla group, and Guerrero asserted that FARC was upset by his activities. FARC began telephoning Guerrero in March 1999, threatening him, and requesting that he cease this work. Sometime later, Guerrero was traveling in a car with an assistant to a Colombian senator who was a regional leader and other co-workers when another vehicle drove up and began firing at Guerrero's car. The driver of Guerrero's vehicle lost control, and the car turned over. Guerrero received numerous injuries and was treated in a hospital clinic. Guerrero continued on occasion to receive threatening phone calls from FARC, although no further encounters occurred. At another time, a friend of Guerrero's in intelligence warned Guerrero that FARC intended to attack him on another business trip; Guerrero altered his route and was not attacked. Guerrero later decided to leave Colombia and was granted a U.S. visa on November 30, 1999. Guerrero finally left Colombia in 2001 after receiving a threatening phone call from FARC saying that he had saved himself once, but wouldn't be able to the next time.

The IJ heard testimony from Guerrero and considered the documents Guerrero proffered in support of his claims. The IJ denied his application for asylum because he had failed to file the application within one year of his arrival in the U.S. The IJ denied his claim for withholding of removal under § 1231(b)(3)

3

because the IJ found that Guerrero was not credible and, even if credible, had failed to establish that it was more likely than not he would be persecuted by FARC should he return to Colombia. The IJ also denied Guerrero's claim for CAT relief because Guerrero had given no testimony nor produced no other evidence indicating that the government of Colombia had ever in the past tortured him or ever would torture him in the future.

Guerrero appealed to the BIA which affirmed the IJ without opinion. Guerrero then filed the instant petition for review.

## II. Jurisdiction

We must first evaluate whether we have subject matter jurisdiction to review Guerrero's petition.[1] See Alim v. Gonzales, 446 F.3d 1239, 1246 (11th Cir. 2006). The government contends that we lack subject matter jurisdiction over Guerrero's petition because (1) the IJ determined that Guerrero's application for asylum was untimely, and (2) Guerrero failed to exhaust his administrative remedies regarding his withholding of removal claims.

---

[1] In his brief to this court, Guerrero mentions the CAT only twice in passing and never discusses the law in detail nor its applicability to his case. By failing to argue this issue on appeal, Guerrero has waived it. See Sepulveda v. U.S. Attorney Gen., 401 F.3d 1226, 1228 (11th Cir. 2005); see also Greenbriar, Ltd. v. City of Alabaster, 881 F.2d 1570, 1573 n.6 (11th Cir. 1989). We, therefore, will not address whether we have jurisdiction over that issue nor the merits of that claim.

## A. Application for Asylum

An application for asylum must be filed within one year of the applicant's arrival in the United States. 8 U.S.C. § 1158(a)(2)(B). The statute allows for two exceptions to this one-year limit; an application filed beyond one-year is not untimely if the applicant demonstrates "either the existence of changed circumstances which materially affect the applicant's eligibility for asylum or extraordinary circumstances relating to the delay in filing." 8 U.S.C. § 1158(a)(2)(D). We, however, are precluded from reviewing the Attorney General's determination of the timeliness of the application or the applicability of these exceptions. 8 U.S.C. § 1158(a)(3); see Fahim v. U.S. Attorney Gen., 278 F.3d 1216, 1218 (11th Cir. 2006).

In this case, the IJ determined that Guerrero's application was not filed within one year of his arrival and that neither exception applied to him. Accordingly, we lack subject matter jurisdiction to review this determination, and Guerrero's petition for review of the denial of his application for asylum is therefore dismissed.

## B. Withholding of Removal

We may review a final order of removal only if the alien has exhausted all available administrative remedies. 8 U.S.C. § 1252(d)(1). "This requirement is jurisdictional, 'so we lack jurisdiction over claims that have not been raised before

the BIA.'" Alim, 446 at 1253 (quoting Sundar v. INS, 328 F.3d 1320, 1323 (11th

Cir. 2003)).

The government faults Guerrero for not submitting a brief or "further

statement" to the BIA in support of his appeal. The government asserts that his

"non-specific challenge" to the IJ's adverse credibility finding and Guerrero's

"general arguments" objecting to the IJ's adjudication of his withholding of

removal claim were insufficient to adequately raise these issues to the BIA. We

disagree.

In the attachment to his notice of appeal, Guerrero stated:

> The IJ erred by making an adverse credibility assessment by failing to
> properly articulate the basis and reasoning for that ruling. An
> applicant's credible testimony, standing alone, may be sufficient to
> establish a claim of persecution. An IJ must demonstrate a legitimate
> articulable basis to question the petitioner's credibility, and must offer
> a specific cogent reason for any stated disbelief . . . Generally minor
> inconsistencies and minor omissions relating to unimportant facts will
> not support an adverse credibility finding.

(internal quotations and citations omitted). This statement clearly notifies the BIA

that Guerrero wishes to appeal the IJ's adverse credibility finding and provides that

the basis for this appeal is Guerrero's belief the IJ was insufficiently particular in

that finding and that discrepancies and omissions relied on by the IJ were minor.[2]

---

[2] Because Guerrero was proceeding pro se, the court must liberally construe his
pleadings. Haines v. Kerner, 404 U.S. 519, 520 (1972); see Code v. Montgomery, 725 F.2d
1316, 1318 n.2 (11th Cir. 1984). In this light, Guerrero's notice of appeal more than adequately
illustrates the basis of his appeal.

6

Guerrero did not neglect to mention his withholding of removal claim in his appeal to the BIA. Instead, he stated that the IJ erred in denying the petition for withholding fo removal and specifically challenged the IJ's adverse credibility determination in the attachment to the notice of appeal. We, therefore, conclude that Guerrero raised these issues to the BIA and thus exhausted his administrative remedies. See Alim, 446 F.3d at 1253-54. We now proceed to the merits of Guerrero's claim for withholding of removal.

### III. Merits

"When the BIA summarily affirms the IJ's decision without an opinion, the IJ's decision becomes the final removal order." Sepulveda v. U.S. Attorney Gen., 401 F.3d 1226, 1230 (11th Cir. 2005). We, therefore, review the IJ's decision as if it was the decision of the BIA. Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001).

The IJ's findings of fact are reviewed under the substantial evidence test, and we must affirm the IJ's decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole. Al Najjar, 257 F.3d at 1283-84. Under this highly deferential standard of review, we will reverse the IJ only if the evidence would *compel* us to find otherwise. INS v. Elias-Zacarias 502 U.S. 478, 481 n.1 (1992). Additionally, under the substantial evidence test, "we review the record evidence in the light most favorable to the agency's decision and

draw all inferences in favor of that decision." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc).

Eligibility for asylum requires the petitioner to establish a well-founded fear that he will be subject to harm or suffering that rises to the level of persecution on account of his political opinion.[3] Forgue v. U.S. Attorney Gen., 401 F.3d 1282, 1286 (11th Cir. 2005). To be eligible for withholding of removal, the petitioner must demonstrate that it is more likely than not that he will be persecuted or tortured upon return to his country. Alim, 446 F.3d at 1255. Because the standard for withholding of removal is more stringent than that for asylum, a petitioner who is ineligible for asylum necessarily does not satisfy the withholding of removal standard. D-Muhumed v. U.S. Attorney Gen., 388 F.3d 814, 819 (11th Cir. 2004).

The IJ found that Guerrero had failed to establish a well-founded fear of persecution because the IJ determined that Guerrero was not credible regarding his experiences of alleged past persecution in Colombia. An adverse credibility finding is a finding of fact reviewed under the substantial evidence test. D-Muhumed, 388 F.3d at 818. IJ must offer specific, cogent reasons for an adverse credibility finding. Id. at 819.

---

[3] There are other statutorily protected grounds upon which an application for asylum may be based. See 8 U.S.C. § 1101(a)(42)(A). Guerrero's claim, however, rests solely on political opinion and therefore that is the claim we focus on here.

8

Here, the IJ cited Guerrero's repeated misstatements and equivocations regarding the date of the alleged attack by FARC and resulting car accident. Guerrero's application for asylum stated that the attack happened in May 1999. Guerrero, however, testified to the IJ that it was in May 2000, and then changed it to May 1999 after being questioned. The IJ concluded that Guerrero's inconsistent testimony regarding the most significant instance of persecution was a material discrepancy.

Furthermore, when Guerrero's car was attacked by the FARC, there were others in the vehicle—including an assistant to a Colombian senator—who may have been the actual target of the attack instead of Guerrero. The IJ also pointed out that Guerrero received his U.S. visa in November 1999 but did not flee the country until March 2001 and that Guerrero's decision to remain in Colombia during this period and continue his political activity belied Guerrero's claims that his life was in imminent danger there. Finally, the IJ noted that Guerrero never felt sufficiently afraid of FARC to have moved or changed his telephone number while living in Colombia.

Because the IJ provided these specific, cogent reasons for determining that Guerrero was not credible, and substantial evidence in the record supports this conclusion, we are not compelled to reverse the IJ's adverse credibility determination.

The IJ also evaluated all other evidence before him, and determined that no other evidence demonstrated that Guerrero had a well-founded fear of persecution. See Forgue, 401 F.3d at 1287 (noting that following an adverse credibility determination an IJ still has a duty to consider the other evidence produced by the petitioner to deduce whether the petitioner meets the standard for asylum). The incorrect date—in both month and year—in the physician's letter regarding treatment following Guerrero's accident led the IJ to give very little probative value to that document in terms of its corroboration of the attack on Guerrero. The IJ went through the remaining documents produced by Guerrero in support of his petition, and noted in detail why each would not be given full weight. Again, substantial evidence supports the IJ's findings as to this additional evidence and does not compel us to reverse the IJ.

Because Guerrero was found to be incredible regarding his past persecution and the likelihood of persecution should he return to Colombia, the IJ found that he had failed to establish eligibility for asylum and, therefore, also for withholding of removal.

### IV. Conclusion

For the foregoing reasons, Guerrero's petition is **DISMISSED** in part, and **DENIED** in part.